**Lucille STRAW, Appellant,**

v.

**Faye OWENS and Kenneth Ashley, Appellees.**

No. 2–87–072–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 25, 1988.

Bishop, Payne, Lamsens & Brown, and Thomas J. Williams, and Michael D. Kaitcer, Fort Worth, for appellant.

McGee, Tanner, Coble & Whitten, and William T. McGee, Fort Worth, for appellees.

Before JOE SPURLOCK, II, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This is an appeal from a summary judgment denying probate of a purported holographic will of Harry Straw, Jr. We affirm the judgment of the trial court because the instrument offered for probate is not a will, as a matter of law, and because we find that appellant had notice of the granting of summary judgment.

We first address appellant's second point of error in which she complains that the record before us does not show that, as a matter of law, the instrument offered for probate by appellant cannot be a will. We disagree. The purported will is words and figures scrawled across the back of what appears to be a page of three adjoining deposit slips torn from the back of a checkbook. The instrument bears what may be the signature of Harry Straw, Jr., and, arguably, may be wholly in his handwriting. Across the upper left hand corner is illegible writing which appellant contends reads "will of November 5." The rest of the instrument is a confusion of what appears to be property descriptions with evaluations and the names of various individuals. Nowhere in the instrument do we find any testamentary language. There can be no dispute as to what words were written in the document with the exception of those which are illegible. Even if we accept as factual appellant's interpretation of the illegible words, there is a total absence of testamentary intent. No amount of extrinsic evidence can supply the absent testamentary intent, *see Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960), and in the absence of expressed language evidencing testamentary intent a writing is not a will. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731, 733 (1955). Appellant's second point of error is overruled.

In her first point of error, appellant complains that she had no notice of the granting of summary judgment because the trial court reinstated a summary judgment which it had previously rescinded. We overrule appellant's first point of error and hold that appellant was not entitled to notice of the order reinstating the summary judgment.

Appellees' motion for summary judgment was based upon the absence of testamentary intent of the alleged holographic will of Harry Straw, Jr. The order sustaining the summary judgment states that a hearing was conducted on August 11, 1986. Appellant concedes that she has no procedural complaint about the hearing conducted on August 11, but contends that action of the trial court subsequent to that date improperly denied her a right of notice. On January 26, 1987, the trial court signed and subsequently withdrew the signature from the order sustaining the summary judgment. The court again signed the same order on March 10, 1987. Appellant contends that the trial court's action in withdrawing the signature from the summary judgment in effect granted a new trial requiring that the subsequent signing and entry of the order by the trial court follow notice and hearing pursuant to TEX. R.CIV.P. 166a. In support of this argument, appellant relies upon this court's opinion in *International Ins. v. Herman G. West*, 649 S.W.2d 824 (Tex.App.—Fort Worth 1983, no writ).

The facts in the *International Ins.* case are distinguishable from the facts of the present case. In *International*, the trial court rescinded a previous order granting summary judgment and immediately and without notice, granted summary judgment under an amended motion. In the instant case, appellant was provided the requisite

notice of the time scheduled for the hearing on the only motion for summary judgment before the trial court, the motion which was, in fact, granted by the trial court. That hearing was, by appellant's admission, preceded by sufficient notice. No additional hearing was requested by either party. The trial judge in withdrawing his signature from the order granting summary judgment gave himself time to reconsider his decision, which was to appellant's advantage, and in the absence of further pleadings or motions was entitled to act upon the pending motion. Appellant's first point of error is overruled.

The judgment of the trial court is affirmed.