**Michael NICKERSON, Appellant,**

v.

**E.I.L. INSTRUMENTS, INC., Appellee.**

**No. 01–90–01141–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 17, 1991.

George W. Dana, Houston, for appellant.

Judith Batson Sadler, Houston, for appellee.

Before DUNN, SAM BASS and HUGHES, JJ.

## OPINION

DUNN, Justice.

Appellant, Michael Nickerson, appeals the granting of a summary judgment in favor of appellee, E.I.L. Instruments, Inc. (EIL).

In January 1985, EIL hired Nickerson as a repair and calibration technician. Because Nickerson was a veteran of the armed forces, he was eligible for job training under the Veterans Job Training Act. 29 U.S.C. § 1721 (1982). Under this act, EIL could have been, and in fact, was reimbursed for half of Nickerson's wages during the first nine months Nickerson was employed and trained by EIL. *Id.* In January 1986, EIL terminated Nickerson's employment, claiming that the company's business had fallen off and layoffs were necessary.

Nickerson sued EIL for breach of contract. Nickerson claimed that he was a third party beneficiary of a contract entered into between EIL and the Veteran's Administration. Nickerson claimed EIL breached its contract with the Veteran's Administration, and thereby harmed Nickerson, by promising the V.A. that Nickerson's position at EIL would be available to him on a stable and permanent basis at the end of his training period.

On June 11, 1990, EIL filed a motion to dismiss or alternatively motion for summary judgment, alleging that: 1) Nickerson's cause of action be dismissed because only the federal courts had jurisdiction over the cause of action; 2) if the trial court did have jurisdiction over the cause of action, no genuine issues of material fact existed because Nickerson was an at-will employee who could be terminated at any time; and 3) the document Nickerson claimed was a contract between EIL and the V.A. was not a contract as a matter of law, and even if the document was a contract, it did not contain language that limited EIL's right to terminate Nickerson's employment at any time. The hearing on the motion for summary judgment, without oral argument, was set for July 2, 1990.

EIL claims that it hand delivered the motion and notice of hearing to Nickerson on June 11, 1990. Nickerson claims that he received the notice on June 12, 1990. On June 25, 1990, the hearing, without oral argument, on the motion was reset to July 9, 1990, with Nickerson receiving notice of the reset hearing. On July 2, 1990, Nickerson filed his response to the motion for summary judgment. In this response, Nickerson asserted that his cause of action belonged in the state court because he was suing for breach of contract, not under the Veteran's Job Training Act. Nickerson further alleged that he was a third party beneficiary of the contract between EIL and the V.A.

On July 3, 1990, the trial court granted EIL's motion for summary judgment. On August 1, 1990, Nickerson filed a motion for new trial asserting that he did not receive notice of the summary judgment hearing 21 days before the hearing, as required by Tex.R.Civ.P. 166a(c). Nickerson admitted that both parties agreed that the hearing on the motion for summary judgment was to have been held on July 9, 1990. On August 20, 1990, the trial court granted Nickerson's motion for new trial, and on the same date, granted the exact same motion for summary judgment that EIL had filed on June 11, 1990. On September 18, 1990, Nickerson filed another motion for new trial, alleging that he should have received seven days notice of the trial court's rehearing of EIL's motion for summary judgment. This motion was denied on October 1, 1990.

Nickerson, in his first point of error, contends that the trial court should have denied EIL's motion to dismiss or alternatively motion for summary judgment because he did not receive the requisite notice of the summary judgment hearing Tex. R.Civ.P. 166a(c).

Nickerson cites *Williams v. City of Angleton,* 724 S.W.2d 414 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), to support his argument that in computing the 21 day notice period required under

TEX.R.CIV.P. 166a(c), the day notice is given and the day of the hearing are excluded. Following the *Williams* case, we agree that appellant received notice only 19 or 20 days before July 2, 1990, the date the hearing was originally set. *Williams*, 724 S.W.2d at 417. However, we note that the date of the hearing was reset to July 9, 1990.

The trial court also committed error in granting EIL's motion for summary judgment before the second date set for the hearing. Rule 166a states:

> [e]xcept on leave of court, the adverse party [to the motion for summary judgment], not later than 7 days *prior to the day of hearing* may file and serve opposing affidavits or other written response.

TEX.R.CIV.P. 166a(c) (emphasis added).

■ The rule requires the seven days to be computed by counting back from the date of hearing. Within the seven days before the hearing, the party opposing the motion for summary judgment is allowed to petition the trial court for leave to file an additional response to the motion. Because the hearing was reset to July 9, 1990, Nickerson had until July 2, 1990 (7 days before July 9, 1990), to respond to the motion for summary judgment without leave of court. Nickerson should then have been allowed an opportunity to petition the trial court for leave to file an additional response. However, the trial court did not give Nickerson this opportunity as required under TEX.R.CIV.P. 166a(c). The trial court ruled on EIL's motion on July 3, 1990, giving Nickerson no time to request the trial court for leave to file an additional response.

Although the trial court would have had discretion in deciding whether to grant Nickerson's petition for leave to file an additional response, Nickerson was given no opportunity to petition the trial court. The right to petition the trial court is guaranteed under TEX.R.CIV.P. 166a(c). The trial court should have waited until July 9, 1990, to rule on EIL's motion, so Nickerson would have had seven days before the day the hearing was set to request leave of the trial court to file a response.

■ The trial court's attempt to cure the notice defect by granting Nickerson's request for new trial on August 20, 1990, and then immediately reconsidering the motion for summary judgment on the same day, did not solve the notice problem. EIL contends that this case is analogous to *Straw v. Owens*, 746 S.W.2d 345 (Tex.App.—Fort Worth 1988, no writ). This case is distinguishable from *Straw*. In *Straw*, the appellant did not complain about any violations of TEX.R.CIV.P. 166a(c) on the hearing on the original motion for summary judgment. The appellant received adequate notice and was afforded her right to petition the trial court for leave to file an additional response. *Id.* at 346. Here, Nickerson did complain about violations of TEX.R.CIV.P. 166a(c), and he did not have seven days to petition the trial court for leave to file an additional response.

This case presents an issue similar to one before the court in *Williams*. There, the court found that recessing the summary judgment hearing for one day did not cure the notice defects under TEX.R.CIV.P. 166a(c). 724 S.W.2d at 417. Here, the granting of a motion for new trial does not cure the TEX.R.CIV.P. 166a(c) defect of not giving Nickerson seven days to petition the court for leave to file an additional response.

Once the trial court granted the motion for new trial, Nickerson should have been given reasonable notice of any summary judgment hearing. *International Ins. Co. v. Herman G. West, Inc.*, 649 S.W.2d 824 (Tex.App.—Fort Worth 1983, no writ). We hold that under the facts of this case, the trial court should have given Nickerson at least seven days notice of a hearing before considering the motion for summary judgment. *See id.* at 826 (seven days notice of summary judgment hearing, after granting of motion to set aside, is reasonable time).

Summary judgment is a harsh remedy, so TEX.R.CIV.P. 166a(c) must be strictly construed, including the notice provisions. *Williams*, 724 S.W.2d at 417. Here, the trial court did not strictly adhere to TEX. R.CIV.P. 166a(c).

Nickerson's first point of error is sustained.

Because we sustain Nickerson's first point of error, we do not address his second point of error.

The judgment is reversed and the cause is remanded to the trial court.