COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-164-CV

 

 

TEDRICKE GARDNER                                                            APPELLANT

 

                                                   V.

 

TARRANT
COUNTY CIVIL SERVICE                                APPELLEES

COMMISSION AND 

TARRANT COUNTY, TEXAS                                                                  

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In two issues, Appellant
Tedricke Gardner appeals the trial court=s grant of Appellees= (Tarrant County Civil Service Commission and Tarrant County, Texas)
motion for reconsideration of summary judgment, its grant of summary judgment
in Appellees= favor, and
its denial of Appellant=s motion for
a new trial.  We dismiss for want of
jurisdiction.

                                PROCEDURAL BACKGROUND








We must initially determine
whether the trial court=s order
granting Appellees= motion for
summary judgment is a final judgment for purposes of appeal.[2]  On April 19, 2005, Appellees (defendants)
filed a traditional motion for summary judgment.  At that time, the live pleading of Appellant
(plaintiff) was his third amended petition. 
On May 18, 2005, the trial court held a hearing on Appellees= motion for summary judgment, which the court denied by written order
on July 25, 2005.  On September 30, 2005,
Appellees filed a motion for reconsideration of the trial court=s denial of their motion for summary judgment. On November 16, 2005,
Appellant filed his fourth amended petition, which added a new claim for breach
of contract.  On November 17, 2005, the
trial court held a teleconference regarding Appellees= motion for reconsideration.[3]  On February 13, 2006, the trial court granted
Appellees= motion for
reconsideration and their motion for summary judgment.  On March 15, 2006, Appellant filed a motion
for new trial; the court held a hearing on the motion on April 13, 2006, and
denied the motion on the same day.

                           FINALITY OF TRIAL COURT=S ORDER

A summary judgment is final
for purposes of appeal Aif and only
if either it actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a
final judgment as to all claims and all parties.@  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192-93 (Tex. 2001).  If
there has not been a conventional trial on the merits, an order or judgment Ais not final for purposes of appeal unless it actually disposes of
every pending claim and party or unless it clearly and unequivocally states
that it finally disposes of all claims and all parties.@  Id. at 205.  There must be some clear indication that the
trial court intended the order to completely dispose of the entire case.  Id. 
If the order does not expressly dispose of all pending claims and
parties, it is necessary for the appellate court to look to the record in the
case to help illuminate whether the order is actually final.  Id. at 205-06.

                     APPELLANT=S BREACH OF CONTRACT CLAIM








The parties disagreed in the
trial court and on appeal regarding the question of which pleading of Appellant=s was the live pleading at the time the trial court granted Appellees= motion for summary judgment. 
Appellees contend that Appellant=s third amended petition was the live pleading before the trial court
at the time it granted summary judgment. 
Appellant argues that he timely filed his fourth amended petition
containing his breach of contract claim, and he requested the trial court to
either set that claim for trial or expressly make it subject to the trial court=s order granting summary judgment. 
The
trial court took neither action.

Appellees= motion for summary judgment did not address Appellant=s  breach of contract
claim.  The trial court=s February 13, 2006 order states in full:

The
Court, having considered the Motion for Reconsideration filed by Defendants,
the arguments of counsel and the authorities relating to the Motion, is of the
opinion and finds that the motion should be granted.

 

IT
IS THEREFORE ORDERED that Defendants= Motion for Reconsideration is hereby granted.

 

IT
IS FURTHER ORDERED that Defendants= Motion for Summary Judgment is hereby granted.

 

SIGNED
this 13th day of February 2006.

 








There is no presumption in a
summary judgment proceeding that the judgment was intended to dispose of all
parties and issues.  N.Y. Underwriters
Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990); Teer v. Duddlesten,
664 S.W.2d 702, 704 (Tex. 1984) (op. on reh=g).  The trial court=s order granting summary judgment does not indicate whether the court
considered Appellant=s third or
fourth amended petition to be the one upon which summary judgment was
based.  Nothing in the order suggests
that the court intended to dispose of Appellant=s claim for breach of contract. 
The order does not contain a AMother Hubbard@ clause[4]
or any language stating that Appellant take nothing by his suit; nor does it
contain any language that indicates on its face that it was intended to dispose
of all issues pending between the parties, or that it was intended to be a
final judgment.  Cf. Jacobs v.
Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001) (holding that although
defendant moved for summary judgment on only one of two claims asserted by
plaintiff, because the trial court rendered judgment that the plaintiff take
nothing, the judgment was erroneous but was final).  Accordingly, we must review
the record to determine whether Appellant=s fourth amended petition was a live pleading on file with the trial
court at the time it granted Appellees= motion for summary judgment.








A trial court has authority to reconsider and grant a
summary judgment motion it had previously denied, so long as it retains
jurisdiction.  Elder Const., Inc. v.
City of Colleyville, 839 S.W.2d 91, 91-92 (Tex. 1992); Hunte v. Hinkley,
731 S.W.2d 570, 571 (Tex. App.CHouston [14th
Dist.] 1987, writ ref'd n.r.e.); see also Straw v. Owens, 746 S.W.2d
345, 346‑47 (Tex. App.CFort Worth 1988,
no writ) (holding that trial court did not err by signing order granting
summary judgment, withdrawing signature, and later re‑signing same
order).  Here, after the trial court
denied both Appellees= and Appellant=s motions for
summary judgment, the case was proceeding to trial.  Therefore, the trial court retained the
jurisdiction necessary to reconsider Appellees= motion for
summary judgment.

Appellees argue that because
the record does not reflect that after the summary judgment hearing the trial
court granted permission to Appellant to file his fourth amended petition, the
breach of contract claim was not before the trial court at the time it
subsequently granted Appellees= motion for summary judgment. 
Therefore, Appellees assert that the judgment is final without a  rendition of judgment on the merits of the
breach of contract claim.  Appellant
contends that he did not need permission or leave of court to file his fourth
amended petition because the court had already denied Appellees= motion for summary judgment. 
At the hearing on Appellant=s motion for new trial, Appellant argued that his breach of contract
claim was still pending because it was not addressed in Appellees= motion for summary judgment.













Various rules apply to the
filing of amended pleadings, depending on the stage of the court
proceedings.  Pleading amendments sought
within seven days of the summary judgment hearing are to be granted unless
there has been a showing of surprise to the opposing party; absent surprise,
failure to obtain leave may be cured by the trial court=s action in considering the amended pleading.  Tex.
R. Civ. P. 63; Goswami v. Metro. Sav. & Loan Ass=n, 751 S.W.2d 487, 490-91 & n.1 (Tex.
1988).[5]  The trial court has discretion to consider
pleadings filed after the hearing but before summary judgment is rendered.  See Marek v. Tomoco Equip. Co., 738
S.W.2d 710, 713 (Tex. App.CHouston [14th Dist.] 1987, no writ).  The trial court has discretion to consider
untimely-filed summary judgment evidence and responses tendered before the
summary judgment hearing, but if nothing in the record indicates that leave of
court was obtained, there is a presumption that the trial court did not
consider the late-filed evidence or response. 
Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996); INA
of Tex. v. Bryant, 686 S.W.2d 614, 614-15 (Tex. 1985).[6]








None of the above rules
addresses the situation presented by the instant case.  Appellant, the nonmovant, filed his fourth
amended petition after the summary judgment hearing and after the trial court
issued a written order denying Appellees= motion for summary judgment. 
The fourth amended petition raised a new claim for breach of
contract.  There is no indication in the
record that Appellant requested or secured permission from the trial court to
file his fourth amended petition.[7]
 However, at the time that Appellant filed the
document, the trial court had already denied Appellees= motion for
summary judgment.  Therefore, although
Appellees= motion for reconsideration was pending
before the court, which had scheduled a teleconference on the motion for
reconsideration, there was no requirement that Appellant obtain leave of court
before filing his fourth amended petition. 
Further, because Appellees did not at any time file an amended or
additional motion for summary judgment challenging the breach of contract
claim, the trial court could not have properly granted summary judgment on that
claim.[8]  As noted previously, the trial court=s order granting
summary judgment does not purport to dispose of all issues between the parties,
nor does it purport to be final.  We hold
that the trial court=s February 13, 2006 order granting summary
judgment is not a final judgment for purposes of appeal.  Without a final judgment, this court does not
have jurisdiction over this appeal.  See Lehmann, 39
S.W.3d at 195.

                                           CONCLUSION

Because the summary judgment
order does not appear final on its face, and because it does not dispose of
Appellant=s claim for
breach of contract, it  is not an
appealable judgment.  See McNally v.
Guevara, 52 S.W.3d 195, 196 (Tex. 2001).

 








Accordingly, we dismiss the appeal for want of
jurisdiction.  Tex. R. App. P. 42.3(a), 43.2(f); Guajardo v. Conwell,
46 S.W.3d 862, 863-64 (Tex. 2001); Anderson v. Long, 52 S.W.3d 385, 386
(Tex. App.CFort Worth
2001, no pet.).

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
B:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

DELIVERED:  April 5, 2007

 











[1]See Tex. R.
App. P. 47.4.





[2]This case has previously been
before this court.  See
Gardner v. Tarrant County Civil Service Comm=n, No.
02‑04‑00130‑CV, 2005 WL 32415, at *1 (Tex. App.CFort
Worth Jan. 6, 2005, no pet.) (mem. op.). 
That appeal is not relevant to our determination of whether we have
jurisdiction in the instant appeal.





[3]The record does not contain a
transcription of the teleconference.





[4]Typically, a AMother Hubbard@ clause contains a recitation to
the effect that all relief not expressly granted in the order is denied.  Lehmann, 39 S.W.3d at 192.

 





[5]Goswami does not apply in cases such as
this one, in which the late‑filed pleading is filed after the
summary judgment hearing.  See
Automaker, Inc. v. C.C.R.T. Co., 976 S.W.2d 744, 745 (Tex. App.CHouston [1st Dist.] 1998, no pet.);
Leinen v. Buffington's Bayou City Serv. Co., 824 S.W.2d 682, 685 (Tex.
App.CHouston [14th Dist.] 1992, no
writ).

 





[6]Cf. Goswami, 751 S.W.2d at 490 (holding that,
notwithstanding provision of Texas Rule of Civil Procedure 63 requiring leave
of court for late‑filed pleadings, leave of court will be presumed if an
amended pleading is filed before summary judgment hearing if the record
is silent of any basis to conclude that the trial court did not consider this
pleading; and the opposing party does not show surprise or prejudice).





[7]At the hearing on Appellant=s motion for new trial, when the
parties differed in their positions regarding which pleading of Appellant=s was the live pleading at the time
the trial court granted Appellees= motion for summary judgment, the trial judge commented, AI don=t recall granting leave to file the
[fourth] amended petition. . . . I don=t recall striking it. 
I don=t recall granting it.  And the Court of Appeals is going to have to
decide what I did.@

 





[8]A summary judgment cannot be
granted except on the grounds expressly presented in the motion.  Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 204 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997).