# NO. 12-09-00146-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *PAULINE MORAN ALLEN,* | § | *COUNTY COURT AT LAW #1* |
| *DECEASED* | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

Dollie Weir appeals from the trial court's order granting Leonard Allen's motion for summary judgment, and admitting to probate as a muniment of title thirteen writings purported to be a codicil to their mother's will. In two issues, Dollie contends that Leonard failed to present any summary judgment evidence to support his motion, and that the thirteen writings lacked testamentary intent. We reverse and render.

## BACKGROUND

Pauline Moran Allen died on November 26, 2007. In her will, dated August 29, 2001, she devised her estate equally to her four children and named her son, Leonard, as the independent executor of her estate. Leonard filed an application to probate Pauline's will as a muniment of title. The will was admitted to probate as a muniment of title on January 16, 2008. Thereafter, Leonard offered each of his three siblings $100,000.00 for their respective shares of the estate. Two siblings accepted his offer; however, the third sibling, Dollie, did not.

On April 2, 2006, Leonard filed a motion to amend the application and probate as a muniment of title thirteen writings purportedly signed by Pauline on December 27, 2002. Leonard asserted that these writings were a codicil to Pauline's will. Dollie filed a contest to Leonard's motion, stating that the writings lacked testamentary intent. Each of the thirteen

writings is similar in form. The writing labeled "[f]or: Leonard Allen" is representative of the thirteen writings and provides as follows:

Pauline Allen's statement Dec. 27, 2002

For:    Leonard Allen

China cabinet that Bro Lewis Moran made (walnut)
old sewing machine (pedal machine) Moma Minnie's old machine
Mule (red four wheel utility vehicle)
John Deere Tractor
bedroom suite in room where Jimmy used to sleep
Upright Deep Freeze

All land, cattle & home which will not be divided.

Blue Willow china
old typewriter
the other china cabinet
big red wagon
(old coin collection in cedar chest in front room)
butane tank
Garnie Allens "Law" pistol

Leonard may cash the bonds.
Cattle may be held or sold to pay expenses.
Dining room table

/s/Pauline Allen
12-27-2002

/s/David Broomfield
/s/ Beverly Johnson

The handwriting in the "statement" portion of all the writings is noticeably different from Pauline's signature. Pauline's signature is written on an angle across the page underneath the "statement," and the signatures of Broomfield and Johnson are underneath Pauline's signature, but on the lower right hand side of the page.

Leonard filed a motion for summary judgment, asserting that the thirteen writings were prepared, dated, and executed by Pauline, contained the signatures of two witnesses, and, therefore, complied with all the formalities of a will except for being entitled a will or codicil. He stated that the only issue was whether these thirteen writings had the requisite testamentary intent. However, he did not attach any of the thirteen writings or any other summary judgment

evidence. Dollie filed both no evidence and traditional motions for partial summary judgment, attaching the thirteen writings along with other summary judgment evidence. In her motions, she asserted that the thirteen writings lacked the necessary testamentary intent to constitute a will or codicil and, therefore, should not be admitted to probate as a muniment of title.

The trial court granted Leonard's motion for summary judgment and denied both of Dollie's motions for summary judgment. The trial court's order granting Leonard's motion included two findings as follows:

> The Court finds there is no genuine issue of material fact in Dollie Weir's will contest, no ambiguity exists with regard to the testamentary intent of Pauline Allen in the codicils presented to this court for consideration and Movant, Leonard Allen, is entitled to summary judgment thereon.

> The Court finds Movant is entitled to have the codicils admitted in probate as a muniment of title.

This appeal followed.

## STANDARD OF REVIEW

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth

evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We review a no evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See id.* at 751. If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *See id.*

When a party moves for both a no evidence and a traditional summary judgment, we first review the trial court's summary judgment under the no evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.* When both sides move for summary judgment and the trial court grants one motion but denies the other, the reviewing court should review both sides' summary judgment evidence, determine all questions presented, and render the judgment that the trial court should have rendered. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). In so doing, we first review the order granting summary judgment and if we determine the order was erroneous, we review the trial court's action in overruling the denied motion. *Lambrecht & Assoc., Inc. v. State Farm Lloyds*, 119 S.W.3d 16, 20 (Tex. App.–Tyler 2003, no pet.). We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered, including one that denies both motions. *Id.*

### SUMMARY JUDGMENT EVIDENCE

In her first issue, Dollie contends that the trial court erred in granting Leonard's motion for summary judgment because he failed to present any summary judgment evidence in support of his motion. It is undisputed that Leonard failed to attach the thirteen writings that he was attempting to probate as a codicil or any other evidence. It is also undisputed that Dollie, in her no evidence and traditional motions for summary judgment, included the thirteen writings

as summary judgment evidence along with Pauline's will and selected portions of Leonard's oral deposition.

When both parties move for summary judgment, the trial court may consider the combined summary judgment evidence. *Farm Credit Bank v. Snyder Nat'l Bank*, 802 S.W.2d 709, 712 (Tex. App.–Eastland 1990, writ. denied.); *see also* Timothy Patton, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 3.08[4][a] (3d ed. 2009) (stating that "[t]he trial court is not limited to considering only the evidence filed in support of one party's motion but may look to the other movant's proof as well when granting the first party's motion"). While Leonard failed to attach the thirteen writings to his motion as summary judgment evidence, Dollie did so. Thus, Dollie provided the evidence omitted from Leonard's motion. *See Seaman v. Seaman*, 686 S.W.2d 206, 210 (Tex. App.–Houston [1st Dist.] 1984, writ ref'd n.r.e.). Accordingly, we overrule Dollie's first issue.


### TESTAMENTARY INTENT

In her second issue, Dollie argues the trial court erred in granting Leonard's motion for summary judgment because the thirteen writings lacked testamentary intent. She further contends that the order granting Leonard's motion for summary judgment should be reversed and judgment rendered in her favor.

**Applicable Law**

An instrument is not a will unless it is executed with testamentary intent. *Hinson v. Hinson*, 154 Tex. 561, 564, 280 S.W.2d 731, 733 (1955). Testamentary intent depends on the maker's intention to create an irrevocable disposition of her property to take effect after her death. *Id.* A court's first duty in a proceeding to probate a will or codicil is to determine whether it shows testamentary intent.[1] *See Langehennig v. Hohmann*, 163 S.W.2d 402, 405 (Tex. Comm'n App. 1942). The introduced writing must contain an explicit statement declaring that the writings are wills or codicils or that the property division will take place only after the decedent's death. *See In re Estate of Schiwetz*, 102 S.W.3d 355, 364 (Tex. App.–Corpus Christi 2003, pet. denied). There must be evidence that the testator intended that the very document at issue be the instrument that actually makes the disposition of the testator's

---

[1] A "will" includes a codicil. *See* TEX. PROB. CODE ANN. § 3(ff) (Vernon Supp. 2009).

property. *Id.* at 363. Moreover, a writing that merely evidences an intention to dispose of property is not a will or codicil. *Id.*

The intent of the testator must be ascertained from the language used within the four corners of the instrument offered for probate. *Shriner's Hosp. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980). When there is no dispute as to what the written words in a codicil mean, extrinsic evidence cannot be received (1) to show that the testator intended something outside of or independent of such written words; (2) to add words to those in the codicil; (3) to contradict the language in the codicil; or (4) to take words away from those in the codicil. *See In re Estate of Schiwetz*, 102 S.W.3d at 363-64 (citing *Huffman v. Huffman*, 161 Tex. 267, 270-73, 339 S.W.2d 885, 888-89 (1960)). Without express language establishing testamentary intent, however, a writing is not a will and cannot be admitted to probate. *See Straw v. Owens*, 746 S.W.2d 345, 346 (Tex. App.–Fort Worth 1988, no writ.). Construction of a testamentary instrument is a question of law where there is no ambiguity in the instrument. *See Hancock v. Krause*, 757 S.W.2d 117, 119 (Tex. App.—Houston [1st Dist.] 1988, no writ).

## Leonard's Traditional Motion for Summary Judgment

Because Leonard and Dollie both moved for summary judgment, we first review the trial court's order granting Leonard's motion for summary judgment. *See Lambrecht & Assoc., Inc.*, 119 S.W.3d at 20. In his motion, Leonard asserted that the thirteen writings were prepared, dated, and executed by Pauline, contained the signatures of two witnesses, and, therefore, complied with all the formalities of a will except for being entitled a will or codicil. He stated that the only issue was whether these thirteen writings had the requisite testamentary intent. In that respect, Leonard asserted that Pauline's testamentary intent is clear on the face of the writings, that the writings are unambiguous, and, thus, no extraneous evidence of testamentary intent is admissible. Dollie disagreed, stating that none of the writings are referred to as wills or codicils, and do not contain any words evidencing that Pauline intended for these writings to dispose of her property upon her death. In the evidence attached to Dollie's response, Leonard's attorney stipulated, at Leonard's deposition, that none of the writings are in Pauline's handwriting. Further, we note that the thirteen writings lack a self-proving affidavit.

As the applicant seeking to probate the writings, Leonard had the burden of proof to establish the writings should be admitted to probate as a codicil. *See* TEX. PROB. CODE ANN.

6

§ 89B(b) (Vernon 2003). Therefore, because the writings are not self-proved, Leonard must prove that Pauline executed them with the formalities and solemnities and under the circumstances required by law to make the writings a valid codicil. *See id***.**

In determining whether there was the requisite testamentary intent, we note that the question is not what Pauline intended to write, but the meaning of the words she actually used. *See **Shriner's Hosp.***, 610 S.W.2d at 151. There are only two operative words used in the thirteen writings as shown in the representative writing above: "statement" and "for." We must therefore determine whether either of these two words establishes Pauline's testamentary intent. We first look at the word "statement," which is defined as "the act of stating" or "a declaration." THE AMERICAN HERITAGE COLLEGE® DICTIONARY 1327 (Houghton Mifflin Co. 3d ed. 1997). There is nothing in this definition that relates to when the transfer of property is to take place, such as at the time of Pauline's death. *See **In re Estate of Schiwetz***, 102 S.W.3d at 364. Further, the word "statement" has a legal meaning in the context of evidence and criminal procedure, but, in and of itself, has no legal meaning in the probate context. *See* BLACK'S LAW DICTIONARY 1539 (9th ed. 2009).

The word "for" is "used to indicate the object, aim or purpose of an action or activity." THE AMERICAN HERITAGE COLLEGE® DICTIONARY 531 (Houghton Mifflin Co. 3d ed. 1997). "For" is also "used to indicate the recipient or beneficiary of an action." *Id***.** Neither of these definitions indicates when the action or activity will take place or when the beneficiary will receive the object. For testamentary intent to be established, the writings must clearly indicate that the transfer of property is to take place after Pauline's death. *See **In re Estate of Schiwetz***, 102 S.W.3d at 364. However, the word "for" does not indicate when the transfers are to take place, and more particularly, does not indicate that they will take place after Pauline's death. Also, we note that the writings do not contain language ordinarily used to make a disposition of property. *See **Hinson***, 280 S.W.2d at 734. Nowhere in the writings do we find testamentary language, such as words of grant or devise, nor are there words from which a bequest can reasonably be inferred. *See **Straw***, 746 S.W.2d at 346; ***Huffman***, 339 S.W.2d at 888. Further, no amount of extrinsic evidence can supply the absent testamentary intent and, in the absence of express language evidencing testamentary intent, the writings are not a codicil. *See **Straw***, 746 S.W.2d at 346.

Because neither of the operative words in the thirteen writings, "statement" and "for," indicate when the property division will take place and there is no other declaration that such division will take place after Pauline's death, we hold that the writings lack testamentary intent and fail to constitute a codicil. *See* TEX. PROB. CODE ANN. § 89B(b); ***In re Estate of Schiwetz***, 102 S.W.3d at 364; ***Straw***, 746 S.W.2d at 346. Thus, the trial court erred in granting Leonard's motion for summary judgment. Accordingly, we review the trial court's action in denying Dollie's no evidence and traditional motions for summary judgment. *See* ***Ford Motor Co.***, 135 S.W.3d at 600; ***Lambrecht & Assoc., Inc***, 119 S.W.3d at 20.

**Dollie's No Evidence Motion for Summary Judgment**

Dollie filed a no evidence motion for summary judgment, alleging that the thirteen writings lacked the requisite testamentary intent needed to constitute a codicil and, thus, there is no evidence that the writings are a codicil. However, construction of an unambiguous will or codicil is a question of law. *See* ***Hancock***, 757 S.W.2d at 119. And purely legal issues can never be the subject of a no evidence motion for summary judgment. *See* ***Harrill v. A.J.'s Wrecker Svc., Inc.***, 27 S.W.3d 191, 194 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.); *see also* Judge David Hittner and Lynne Liberato, ***Summary Judgments in Texas***, 47 S. TEX. L. REV. 409, 415 (Spring 2006). Because construction of the thirteen writings was a question of law, Dollie's no evidence motion for summary judgment was improper. Consequently, the trial court did not err in denying Dollie's no evidence motion for summary judgment.

**Dollie's Traditional Motion for Summary Judgment**

Dollie also filed a traditional motion for summary judgment, alleging that the thirteen writings lacked the testamentary intent necessary to constitute a codicil. Therefore, she asserted, the writings should not be admitted to probate as a muniment of title. Leonard responded to the motion, asserting that because the writings are not ambiguous, clearly designate the beneficiaries and the property to be given to them, and extraneous evidence is inadmissible to prove or disprove intent, construction of the writings is improper. Because the writings are not self-proved, Leonard had the burden to prove that Pauline executed the writings with the formalities and solemnities and under the circumstances required by law to make them a valid codicil. *See* TEX. PROB. CODE ANN. § 89B(b). As previously noted, in order to be valid, a codicil must be executed with testamentary intent. *See* ***Hinson***, 280 S.W.2d at 733. We have already determined that the writings lacked testamentary intent. Moreover, in her

motion for summary judgment, Dollie negated the element of testamentary intent, thereby establishing that she was entitled to summary judgment as a matter of law. *See* TEX. PROB. CODE ANN. § 89B(b); *Hinson*, 280 S.W.2d at 733; *Randall's Food Mkts., Inc.*, 891 S.W.2d at 644. In his response, Leonard did not present any issue that would preclude summary judgment. *See City of Houston*, 589 S.W.2d at 678-79. Therefore, the trial court erred in denying Dollie's traditional motion for summary judgment.

We sustain Dollie's second issue.


## CONCLUSION

Having sustained Dollie's second issue, we *reverse* the trial court's orders granting Leonard's motion for summary judgment and denying Dollie's traditional motion for summary judgment. We also *reverse* the trial court's order admitting the thirteen writings to probate as a muniment of title, and *render* judgment denying Leonard's application to probate the thirteen writings as a codicil to the will of Pauline Moran Allen.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)