NO. 12-09-00146-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE ESTATE OF                                   §                      APPEAL
FROM THE 

 

PAULINE MORAN ALLEN,                       §                      COUNTY
COURT AT LAW #1

 

DECEASED                                                  §                      ANGELINA COUNTY, TEXAS







OPINION

 

         Dollie Weir appeals from the trial court’s order granting
Leonard Allen’s motion for summary judgment, and admitting to probate as a
muniment of title thirteen writings purported to be a codicil to their mother’s
will.  In two issues, Dollie contends that Leonard failed to present any
summary judgment evidence to support his motion, and that the thirteen writings
lacked testamentary intent.  We reverse and render.

 

Background

         Pauline Moran Allen died on November 26, 2007.  In her will,
dated August 29, 2001,  she devised her estate equally to her four children and
named her son, Leonard, as the independent executor of her estate. Leonard
filed an application to probate Pauline’s will as a muniment of title.  The
will was admitted to probate as a muniment of title on January 16, 2008. 
Thereafter, Leonard offered each of his three siblings $100,000.00 for their
respective shares of the estate.  Two siblings accepted his offer; however, the
third sibling, Dollie, did not.

On April 2, 2006, Leonard filed a motion to amend the
application and probate as a muniment of title thirteen writings purportedly
signed by Pauline on December 27, 2002. Leonard asserted that these writings
were a codicil to Pauline’s will.  Dollie filed a contest to Leonard’s motion,
stating that the writings lacked testamentary intent. Each of the thirteen
writings is similar in form. The writing labeled “[f]or: Leonard Allen” is
representative of the thirteen writings and provides as follows:

 

Pauline Allen’s statement Dec. 27, 2002

 

For:         Leonard
Allen

 

                China cabinet that Bro Lewis Moran made (walnut)

                old
sewing machine (pedal machine) Moma Minnie’s old machine

                Mule
(red four wheel utility vehicle)

                John
Deere Tractor

                bedroom
suite in room where Jimmy used to sleep

                Upright
Deep Freeze

 

All land, cattle & home which will not be divided.

 

                Blue
 Willow china

                old
typewriter

                the
other china cabinet

                big
red wagon

                (old
coin collection in cedar chest in front room)

                butane
tank

                Garnie
Allens “Law” pistol

 

Leonard may cash the bonds.

Cattle may be held or sold to pay expenses.

Dining room table

 

 

/s/Pauline
Allen 

12-27-2002

 

                                                                                /s/David
Broomfield

                                                                                /s/
Beverly Johnson

 

            

The handwriting in the “statement” portion of all the writings is
noticeably different from Pauline’s signature. Pauline’s signature is written
on an angle across the page underneath the “statement,” and the signatures of Broomfield and Johnson are underneath Pauline’s signature, but on the lower right hand
side of the page.

Leonard filed a motion for summary judgment, asserting
that the thirteen writings were prepared, dated, and executed by Pauline,
contained the signatures of two witnesses, and, therefore, complied with all
the formalities of a will except for being entitled a will or codicil. He
stated that the only issue was whether these thirteen writings had the
requisite testamentary intent. However, he did not attach any of the thirteen
writings or any other summary judgment evidence.  Dollie filed both no evidence
and traditional motions for partial summary judgment, attaching the thirteen
writings along with other summary judgment evidence.  In her motions, she
asserted that the thirteen writings lacked the necessary testamentary intent to
constitute a will or codicil and, therefore, should not be admitted to probate
as a muniment of title. 

         The trial court granted Leonard’s motion for summary judgment
and denied both of Dollie’s motions for summary judgment. The trial court’s
order granting Leonard’s motion included two findings as follows:

 

The Court finds there is no genuine issue of material
fact in Dollie Weir’s will contest, no ambiguity exists with regard to the
testamentary intent of Pauline Allen in the codicils presented to this court
for consideration and Movant, Leonard Allen, is entitled to summary judgment
thereon.

 

The Court finds Movant is entitled to have the
codicils admitted in probate as a muniment of title.

 

This appeal followed.

 

Standard of Review

         We review the trial court’s decision to grant summary judgment
de novo.  Tex. Mun. Power Agency v. Pub. Util. Comm’n, 253 S.W.3d
184, 192 (Tex. 2007).  The movant for traditional summary judgment has the
burden of showing that there is no genuine issue of material fact and that it
is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). The movant must either negate at least one
essential element of the nonmovant’s cause of action or prove all essential
elements of an affirmative defense. See Randall’s Food Mkts., Inc. v.
Johnson, 891 S.W.2d 640, 644 (Tex. 1995).  Once the movant has
established a right to summary judgment, the nonmovant has the burden to
respond to the motion and present to the trial court any issues that would
preclude summary judgment. See City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678-79 (Tex. 1979). 

         After adequate time for discovery, a party without the burden of
proof at trial may move for summary judgment on the ground that there is no
evidence of one or more essential elements of a claim or defense. Tex. R. Civ. P. 166a(i). Once a no
evidence motion has been filed in accordance with Rule 166a(i), the burden
shifts to the nonmovant to bring forth evidence that raises a fact issue on the
challenged evidence. See Macias v. Fiesta Mart, Inc., 988 S.W.2d
316, 317 (Tex. App.—Houston [1st Dist.] 1999, no pet.). We review a no evidence
motion for summary judgment under the same legal sufficiency standard as a
directed verdict. King Ranch, Inc. v. Chapman, 118 S.W.3d 742,
750-51 (Tex. 2003). A no evidence motion is properly granted if the nonmovant
fails to bring forth more than a scintilla of probative evidence to raise a
genuine issue of material fact as to an essential element of the nonmovant’s
claim on which the nonmovant would have the burden of proof at trial. See id.
at 751.  If the evidence supporting a finding rises to a level that would
enable reasonable, fair minded persons to differ in their conclusions, then
more than a scintilla of evidence exists. Id.  Less than a
scintilla of evidence exists when the evidence is so weak as to do no more than
create a mere surmise or suspicion of a fact, and the legal effect is that
there is no evidence. See id.

         When a party moves for both a no evidence and a traditional summary
judgment, we first review the trial court’s summary judgment under the no
evidence standard of Rule 166a(i). Ford Motor Co. v. Ridgway, 135
S.W.3d 598, 600 (Tex. 2004). If the no evidence summary judgment was properly
granted, we do not reach arguments under the traditional motion for summary
judgment. See id.  When both sides move for summary
judgment and the trial court grants one motion but denies the other, the
reviewing court should review both sides’ summary judgment evidence, determine
all questions presented, and render the judgment that the trial court should
have rendered.  Holy Cross Church of God in Christ v. Wolf, 44
S.W.3d 562, 566 (Tex. 2001).  In so doing, we first review the order granting
summary judgment and if we determine the order was erroneous, we review the
trial court=s action
in overruling the denied motion. Lambrecht & Assoc., Inc. v. State
Farm Lloyds, 119 S.W.3d 16, 20 (Tex. App.BTyler
2003, no pet.).  We may then either affirm the judgment or reverse and render
the judgment the trial court should have rendered, including one that denies
both motions. Id.

Summary Judgment Evidence

         In her first issue, Dollie contends that the trial court erred
in granting Leonard’s motion for summary judgment because he failed to present
any summary judgment evidence in support of his motion.  It is undisputed that
Leonard failed to attach the thirteen writings that he was attempting to
probate as a codicil or any other evidence.  It is also undisputed that Dollie,
in her no evidence and traditional motions for summary judgment, included the
thirteen writings as summary judgment evidence along with Pauline’s will and
selected portions of Leonard’s oral deposition.

         When both parties move for summary judgment, the trial court may
consider the combined summary judgment evidence.  Farm Credit Bank v.
Snyder Nat’l Bank, 802 S.W.2d 709, 712 (Tex. App.–Eastland 1990, writ.
denied.); see also Timothy Patton, Summary
Judgments in Texas: Practice, Procedure and Review § 3.08[4][a] (3d ed.
2009) (stating that “[t]he trial court is not limited to considering only the
evidence filed in support of one party’s motion but may look to the other
movant’s proof as well when granting the first party’s motion”). While Leonard
failed to attach the thirteen writings to his motion as summary judgment
evidence, Dollie did so.  Thus, Dollie provided the evidence omitted from
Leonard’s motion.  See Seaman v. Seaman, 686 S.W.2d 206, 210
(Tex. App.–Houston [1st Dist.] 1984, writ ref’d n.r.e.).  Accordingly, we
overrule Dollie’s first issue.

 

Testamentary Intent

         In her second issue, Dollie argues the trial court erred in
granting Leonard’s motion for summary judgment because the thirteen writings
lacked testamentary intent.  She further contends that the order granting
Leonard’s motion for summary judgment should be reversed and judgment rendered
in her favor.

Applicable Law

         An instrument is not a will unless it is executed with
testamentary intent.  Hinson v. Hinson, 154 Tex. 561, 564, 280
S.W.2d 731, 733 (1955).  Testamentary intent depends on the maker’s intention
to create an irrevocable disposition of her property to take effect after her
death.  Id. A court’s first duty in a proceeding to probate a
will or codicil is to determine whether it shows testamentary intent.[1] 
See Langehennig v. Hohmann, 163 S.W.2d 402, 405 (Tex. Comm’n App.
1942).  The introduced writing must contain an explicit statement declaring
that the writings are wills or codicils or that the property division will take
place only after the decedent’s death.  See In re Estate of Schiwetz,
102 S.W.3d 355, 364 (Tex. App.–Corpus Christi 2003, pet. denied). There must be
evidence that the testator intended that the very document at issue be the
instrument that actually makes the disposition of the testator’s property. Id.
at 363. Moreover, a writing that merely evidences an intention to dispose of
property is not a will or codicil. Id.

The intent of the testator must be ascertained from the
language used within the four corners of the instrument offered for probate.  Shriner’s
Hosp. v. Stahl, 610 S.W.2d 147, 151 (Tex. 1980).  When there is no
dispute as to what the written words in a codicil mean, extrinsic evidence
cannot be received (1) to show that the testator intended something outside of
or independent of such written words; (2) to add words to those in the codicil;
(3) to contradict the language in the codicil; or (4) to take words away from
those in the codicil. See In re Estate of Schiwetz, 102 S.W.3d at
363-64 (citing Huffman v. Huffman, 161 Tex. 267, 270-73, 339
S.W.2d 885, 888-89 (1960)).  Without express language establishing testamentary
intent, however, a writing is not a will and cannot be admitted to probate.  See
Straw v. Owens, 746 S.W.2d 345, 346 (Tex. App.–Fort Worth 1988, no writ.). 
Construction of a testamentary instrument is a question of law where there is
no ambiguity in the instrument. See Hancock v. Krause, 757 S.W.2d
117, 119 (Tex. App.—Houston [1st Dist.] 1988, no writ).

Leonard’s Traditional Motion for Summary Judgment

         Because Leonard and Dollie both moved for summary judgment, we
first review the  trial court’s order granting Leonard’s motion for summary
judgment. See Lambrecht & Assoc., Inc., 119 S.W.3d at
20. In his motion, Leonard asserted that the thirteen writings were prepared,
dated, and executed by Pauline, contained the signatures of two witnesses, and,
therefore, complied with all the formalities of a will except for being
entitled a will or codicil. He stated that the only issue was whether these
thirteen writings had the requisite testamentary intent. In that respect,
Leonard asserted that Pauline’s testamentary intent is clear on the face of the
writings, that the writings are unambiguous, and, thus, no extraneous evidence
of testamentary intent is admissible. Dollie disagreed, stating that none of
the writings are referred to as wills or codicils, and do not contain any words
evidencing that Pauline intended for these writings to dispose of her property
upon her death. In the evidence attached to Dollie’s response, Leonard’s
attorney stipulated, at Leonard’s deposition, that none of the writings are in
Pauline’s handwriting. Further, we note that the thirteen writings lack a
self-proving affidavit.

         As the applicant seeking to probate the writings, Leonard had
the burden of proof to establish the writings should be admitted to probate as
a codicil. See Tex. Prob. Code
Ann. § 89B(b) (Vernon 2003).  Therefore, because the writings are
not self-proved, Leonard must prove that Pauline executed them with the
formalities and solemnities and under the circumstances required by law to make
the writings a valid codicil. See id.  

In determining whether there was the requisite
testamentary intent, we note that the question is not what Pauline intended to
write, but the meaning of the words she actually used. See Shriner’s
Hosp., 610 S.W.2d at 151. There are only two operative words used in
the thirteen writings as shown in the representative writing above: “statement”
and “for.”  We must therefore determine whether either of these two words
establishes Pauline’s testamentary intent.  We first look at the word
“statement,” which is defined as “the act of stating” or “a declaration.”  The American Heritage College® Dictionary 1327 (Houghton Mifflin Co. 3d
ed. 1997).  There is nothing in this definition that relates to when the
transfer of property is to take place, such as at the time of Pauline’s death. See
In re Estate of Schiwetz, 102 S.W.3d at 364. Further, the word
“statement” has a legal meaning in the context of evidence and criminal
procedure, but, in and of itself, has no legal meaning in the probate context. 
See Black’s Law Dictionary 1539
(9th ed. 2009).

The word “for” is “used to indicate the object, aim or
purpose of an action or activity.” The
American Heritage College® Dictionary
531 (Houghton Mifflin Co. 3d ed. 1997).  “For” is also “used to indicate
the recipient or beneficiary of an action.” Id. Neither of these
definitions indicates when the action or activity will take place or when the
beneficiary will receive the object.  For testamentary intent to be
established, the writings must clearly indicate that the transfer of property
is to take place after Pauline’s death. See In re Estate of
Schiwetz, 102 S.W.3d at 364. However, the word “for” does not indicate
when the transfers are to take place, and more particularly, does not indicate
that they will take place after Pauline’s death.  Also, we note that the
writings do not contain language ordinarily used to make a disposition of
property. See Hinson, 280 S.W.2d at 734. Nowhere in the writings
do we find testamentary language, such as words of grant or devise, nor are
there words from which a bequest can reasonably be inferred. See Straw,
746 S.W.2d at 346; Huffman, 339 S.W.2d at 888.  Further, no amount
of extrinsic evidence can supply the absent testamentary intent and, in the
absence of express language evidencing testamentary intent, the writings are
not a codicil. See Straw, 746 S.W.2d at 346.

Because neither of the operative words in the thirteen
writings, “statement” and “for,” indicate when the property division will take
place and there is no other declaration that such division will take place
after Pauline’s death, we hold that the writings lack testamentary intent and
fail to constitute a codicil. See Tex.
Prob. Code Ann. § 89B(b); In re Estate of Schiwetz, 102
S.W.3d at 364; Straw, 746 S.W.2d at 346. Thus, the trial court
erred in granting Leonard’s motion for summary judgment.  Accordingly, we
review the trial court’s action in denying Dollie’s no evidence and traditional
motions for summary judgment. See Ford Motor Co., 135 S.W.3d at
600; Lambrecht & Assoc., Inc, 119 S.W.3d at 20. 

Dollie’s No Evidence Motion for Summary Judgment

         Dollie filed a no evidence motion for summary judgment, alleging
that the thirteen writings lacked the requisite testamentary intent needed to
constitute a codicil and, thus, there is no evidence that the writings are a
codicil. However, construction of an unambiguous will or codicil is a question
of law. See Hancock, 757 S.W.2d at 119. And purely legal issues
can never be the subject of a no evidence motion for summary judgment. See Harrill
v. A.J.’s Wrecker Svc., Inc., 27 S.W.3d 191, 194 (Tex. App.—Dallas
2000, pet. dism’d w.o.j.); see also Judge David Hittner and Lynne
Liberato, Summary Judgments in Texas, 47 S. Tex. L. Rev. 409, 415 (Spring 2006). 
Because construction of the thirteen writings was a question of law, Dollie’s
no evidence motion for summary judgment was improper. Consequently, the trial
court did not err in denying Dollie’s no evidence motion for summary judgment. 

Dollie’s Traditional Motion for Summary Judgment

Dollie also filed a traditional motion for summary
judgment, alleging that the thirteen writings lacked the testamentary intent
necessary to constitute a codicil.  Therefore, she asserted, the writings
should not be admitted to probate as a muniment of title. Leonard responded to
the motion, asserting that because the writings are not ambiguous, clearly
designate the beneficiaries and the property to be given to them, and
extraneous evidence is inadmissible to prove or disprove intent, construction
of the writings is improper.  Because the writings are not self-proved, Leonard
had the burden to prove that Pauline executed the writings with the formalities
and solemnities and under the circumstances required by law to make them a
valid codicil. See Tex. Prob.
Code Ann. § 89B(b). As previously noted, in order to be valid, a codicil
must be executed with testamentary intent. See Hinson, 280 S.W.2d
at 733. We have already determined that the writings lacked testamentary
intent. Moreover, in her motion for summary judgment, Dollie negated the
element of testamentary intent, thereby establishing that she was entitled to
summary judgment as a matter of law. See Tex. Prob. Code Ann. § 89B(b); Hinson, 280
S.W.2d at 733; Randall’s Food Mkts., Inc., 891 S.W.2d at 644. In
his response, Leonard did not present any issue that would preclude summary
judgment. See City of Houston, 589 S.W.2d at 678-79. Therefore,
the trial court erred in denying Dollie’s traditional motion for summary
judgment.  

We sustain Dollie’s second issue.

 

Conclusion

Having sustained Dollie’s second issue, we reverse
the trial court’s orders granting Leonard’s motion for summary judgment and
denying Dollie’s traditional motion for summary judgment.  We also reverse
the trial court’s order admitting the thirteen writings to probate as a
muniment of title, and render judgment denying Leonard’s
application to probate the thirteen writings as a codicil to the will of
Pauline Moran Allen.

 

 

 

                                                                        James T. Worthen

                                                                
Chief Justice

 

 

Opinion
delivered December 16, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] 
A “will” includes a codicil.  See Tex.
Prob. Code Ann. § 3(ff) (Vernon Supp. 2009).