**OKAN PIPELINE COMPANY, Appellant,**

v.

**H. H. EILAND and A. E. Sumruld, Appellees.**

**No. 3991.**

Court of Civil Appeals of Texas.

Eastland.

Sept. 24, 1965.

Rehearing Denied Oct. 15, 1965.

O. Gordon Oldham, Tulsa, Okl., for appellant.

J. Ray Martin, Amarillo, Rudy V. Hamric, Hamlin, Gene L. Dulaney, Snyder, for appellees.

COLLINGS, Justice.

Okan Pipeline Company brought suit against Branson Construction Company, hereinafter referred to as Branson, H. H. Eiland and A. E. Sumruld, jointly and severally, to recover damages to plaintiff's pipeline and loss of contents on land belonging to Eiland on which Sumruld was the surface tenant. The damage was alleged to have been sustained September 30, 1960, when Branson was employed by Eiland's tenant, Sumruld, to excavate a trench silo. Trial was before the court without a jury which rendered judgment for Okan Pipeline Company against Branson alone, and denied any recovery against Eiland and Sumruld. Okan Pipeline Company has appealed from that part of the judgment denying it recovery against Eiland and Sumruld.

Appellant presents 4 points of error in which it is contended that the court erred (1) in failing to find that both Eiland and Sumruld were liable for the claimed breach of their respective contracts with appellant containing express covenants not to obstruct or permit obstruction of the pipeline in question, (2) erred in failing to find that both appellees were liable to appellant because they participated in the commission of a trespass, in that, they had constructive and actual knowledge of the location of the pipeline and negligently failed to warn Branson of the location thereof, (3) erred in admitting claimed hearsay testimony of Sumruld's sons to the effect that they warned Branson's employee, who was engaging in excavating the trench silo, of the existence of appellant's pipeline, and (4) erred in failing to find that Branson's negligence was imputable to both Eiland and Sumruld.

The evidence shows that Sumruld contracted with Branson to construct the trench silo on Eiland's land. The evidence further shows that Eiland consented to the construction of such trench silo, but did not tell Sumruld that he could build it on top of or in a manner which would obstruct or injure appellant's pipeline.

As a part of its judgment the court made findings of fact which are supported by the evidence and are substantially as follows: Branson, on September 30, 1960, severed appellant's pipeline resulting in damages in the sum of $2,353.46, constituting the cost of repairs to the pipeline and the value of gasoline lost because of the break; that the action of Branson in severing the pipeline was negligence and constituted a trespass against appellant; that Branson's action in severing the pipeline was not under or by reason of instructions from Eiland or Sumruld but as an independent contractor employed by Sumruld to construct a trench silo on lands owned by Eiland and on which Sumruld

was a tenant; that Eiland consented to the construction of a trench silo on the land by his tenant Sumruld but did not specify where it should be placed; that Sumruld and the contractor, Branson, staked out on the ground the location of the proposed trench silo at an alternate location suggested as more suitable by Branson Construction Company and such location was not over the pipeline but as its nearest point was a number of feet west of appellant's pipeline; that Sumruld left to Branson Construction the choice of the means to be used and the method to be followed in constructing the trench silo and was not present after the location agreed upon had been staked out or after Branson had begun work thereon; that neither Eiland nor Sumruld advised Branson of the location of the pipeline, but before Branson cut into appellant's pipeline while excavating outside the stakes which had been set, Sumruld's sons warned Branson of the presence and location of the line and that the failure of Eiland or Sumruld to point out to Branson the location of the line was not a proximate cause of the damage sustained thereto; that the damage sustained by appellant Okan Pipeline Company was solely the proximate result of the conduct of Branson in cutting into the pipeline after acquiring knowledge of its presence; that neither Eiland nor Sumruld trespassed on appellant's pipeline and that neither is in any manner indebted to appellant for the injury and damages complained of.

It is undisputed that at the time of the damage complained of in September of 1960, Okan's Petroleum pipeline was lawfully in place across a section of land owned by Eiland by virtue of a recorded right-of-way grant from Eiland. Eiland's tenant, Sumruld, had also executed a consent agreement at the time of laying the pipeline, in May of 1956. The right-of-way agreement executed by Eiland on May 9, 1956 contained the following language: " * * * Grantors agree not to build, create or construct, nor permit to be built, created or constructed, any obstruction, building, en-gineering works, or other structure over said pipe line." Sumruld's consent agreement contained the following provision: " * * * the tenant hereby consents to the construction of the pipe line system and agrees not to obstruct or interfere with the construction or the operation thereof."

We overrule appellant's point that the court erred in failing to find that appellees are liable because each breached his contract and covenant not to obstruct or permit the obstruction of the pipeline, It is undisputed that Eiland did not build over or in any manner obstruct or injure the pipeline. He did consent to the building of a trench silo on his land, but by such a general consent to Sumruld did not authorize its construction on or over appellant's pipeline. Appellant's contention that appellees are liable for a breach of their contracts is apparently based upon the theory that the above quoted provisions of such contracts constitute agreements to indemnify appellant against loss because of the obstruction or damage to the pipeline on the land in question. In support of this contention appellant cites Pecos & N. T. Ry. Co. v. Amarillo St. Ry. Co., Tex.Civ.App., 171 S.W. 1103. The material provision of the contract in the cited case was unquestionably one of indemnity against the loss or damage there complained of regardless of negligence. The provisions of the contracts here involved were not agreements to indemnify appellant. Eiland executed a right-of-way contract and agreed not to build nor permit to be built any building or structure over the pipeline. Sumruld executed what is designated as "a consent of tenant agreement" in which he agreed "not to obstruct or interfere with the construction or operation of the pipeline." The agreement of Sumruld was entered into prior to the construction of the pipeline in 1956, and was simply a subordination of Sumruld's right as a tenant to the exclusive possession and use of the land involved.

We also overrule appellant's second point contending that the court erred in failing

to find that Eiland and Sumruld were liable to appellant because they had actual and constructive knowledge of the location of the pipeline and negligently failed to warn Branson of its location and thus participated in the commitment of a trespass upon appellant's pipeline. Eiland testified that he consented to the construction by Sumruld of a trench silo on his land and specified no restriction as to its location. He further testified, however, that he had no idea that the silo would be built on top of appellant's pipeline. Sumruld admitted that he did not mention the presence of the pipeline to Branson and there was testimony to the effect that Sumruld had stated that he forgot about the pipeline. It is undisputed that both appellees knew the pipeline was on the land and that neither advised Branson of its existence.

■ In our opinion the court did not err in failing to find that Eiland was guilty of negligence in failing to warn Branson of the location of the pipeline and that such alleged negligence constituted a trespass upon appellant's pipeline. The trespass shown by the evidence was by Branson. The evidence does not show and certainly does not conclusively show that Eiland committed a trespass or that he authorized Branson to do so. Eiland did not employ Branson to construct the trench silo and in fact had no connection whatever with Branson. The only connection that Eiland had with the construction of the trench silo was to give Sumruld permission to construct such a silo upon his land. Such a general consent by Eiland to Sumruld and the failure to warn Branson of the location of the pipeline under the circumstances did not constitute negligence or trespass by Eiland as a matter of law, and the court did not err in failing to find that Eiland was liable to appellant.

■ Although the evidence shows that Sumruld employed Branson to construct a trench silo on the land in question we are of the opinion that Branson was acting as an independent contractor. Sumruld did

not warn or advise Branson of the location of appellant's pipeline but the evidence shows that Sumruld's sons did warn Branson of the presence and location of the pipeline. Under these facts the trial court did not err in holding that the failure of Sumruld or Eiland to point out to Branson the location of the pipeline was not a proximate cause of the damage sustained.

■ Appellant further contends that the court erred in admitting the testimony of Sumruld's sons to the effect that they warned Branson of the presence of appellant's pipeline, urging that such testimony was hearsay and inadmissible. We overrule this contention. The testimony in question was offered for the purpose of showing that Branson was warned and knew of the existence and location of the pipeline. Branson's knowledge of the existence and location of the pipeline was material to a determination of the question of whether the negligence, if any, of appellees in failing to warn Branson was a proximate cause of the damage thereto. The testimony of Sumruld's sons to the effect that they told Branson of the existence of the pipeline in dangerous proximity to where Branson was excavating was certainly material and admissible on the question of whether Branson had such knowledge. The purpose of the testimony complained of was not to prove the truth of the statements by Sumruld's sons to Branson, that is, that the location of the pipeline was at the place where they said it was. The evidence was not hearsay and appellant's contention to the contrary is not well taken. 17 Tex.Jur. pages 528, 529; 31A C.J.S. Evidence § 193, pages 534, 538; Seaboard Air Line Railroad Company v. Ford, Fla., 92 So.2d 160.

■ We also overrule appellant's point number 4 in which it is contended that the court erred in failing to find that Branson's negligence was imputable to both Eiland and Sumruld. As already noted Eiland did not employ Branson and had no connection with him. Branson was employed by Sum-

ruld to construct the trench silo but the evidence supports the finding by the court that Branson was an independent contractor. Appellant contends that Sumruld directed Branson where to construct the silo but the evidence shows that the agreement between Branson and Sumruld concerning the location of the silo was not over the pipeline but was several feet therefrom. Although Sumruld did not advise Branson of the dangerous location of the pipeline in proximity to the proposed silo it is shown upon ample evidence that Branson knew of the location of the pipeline and negligently trespassed upon and injured same. The construction of the trench silo as shown by the evidence was not shown to be inherently dangerous. There was no showing that the negligence of the independent contractor was not the sole proximate cause of the damage. In fact the court found to the contrary. As previously noted there was no contractual undertaking on the part of Sumruld to protect appellant from the damage complained of. In this state of the record the court did not err in failing to find that Branson's negligence was imputable to both Eiland and Sumruld.

The judgment is affirmed.