Opinion issued February 25, 2011















 

 






In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00431-CV

____________


BROOKSHIRE KATY DRAINAGE DISTRICT, Appellant


V.


THE LILY GARDENS, LLC, RICHARD E. FLUECKIGER AND
KENNETH B. LUEDECKE, Appellees






On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 06-08-18415






DISSENTING OPINION ON DENIAL OF EN BANC RECONSIDERATION


 I respectfully dissent from denial of en banc reconsideration of the panel
majority opinion on rehearing issued on September 10, 2010. I agree with the
reasoning in Judge Wilson's dissent from the September 10, 2010 panel majority
opinion and would have joined his original opinion, issued December 22, 2009,
which was withdrawn and vacated by the later opinion. I also join Justice Jennings'
dissent from denial of en banc reconsideration.

 This summary judgment case has generated two diametrically opposed opinions
and three dissents. The first opinion (the December 22, 2009 opinion) decided this
declaratory judgment case seeking to clarify the rights of the interest under a water
district drainage easement as a traditional motion for summary judgment under Texas
Rule of Civil Procedure 166a(c). See Tex. R. Civ. P. 166a(c). Originally, the panel
held, as a matter of law, that there was only one reasonable construction of the
express terms of the easement. Under that construction, the plain terms of the
easement "grant[ed] to the District the authority to remove any obstruction upon its
canal right of way that may interfere with the operation of the drainage canal now or
in the future." Brookshire Katy Drainage Dist. v. Lily Gardens, LLC, No. 01-07-00431-CV, 2009 WL 5064759 (Tex. App.--Houston [1st Dist.] Dec. 22, 2009)
(opinion withdrawn on rehearing). The panel further held that, under its construction
of the easement language, "Lily Gardens failed to establish that there are no genuine
issues of material fact to be decided and that it is entitled to judgment as a matter of
law." Id. It, therefore, remanded the case for further proceedings.

 On rehearing, the panel majority withdrew and vacated the December 22, 2009
opinion and issued the September 10, 2010 opinion, now on motion for en banc
reconsideration. The September 10, 2010 panel majority opinion cites Ford Motor
Co. v. Ridgway in concluding that when, as here, a motion for summary judgment is
filed both as a traditional motion for summary judgment under Rule 166a(c) and as
a "no evidence" motion under Rule 166a(i), i.e., as a hybrid motion, a court must first
review the trial court's summary judgment under the no-evidence standards of Rule
166a(i). Brookshire Katy Drainage Dist. v. Lily Gardens, LLC, No. 01-07-00431-CV, 2010 WL 3564744, at *3 (Tex. App.--Houston [1st Dist.] Sept. 10, 2010, no pet.
h.) (op. on rehearing) (citing Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004)). In doing so, the panel majority determined that a pure question of law--the
rights of the District under the terms of the easement--could be decided on a no-evidence basis. In my opinion, the panel majority erred in withdrawing its December
22, 2009 opinion and substituting the September 10, 2010 opinion.

 Texas Rule of Civil Procedure 166a(i), which the panel majority applied in its
September 10, 2010 opinion, provides for a no-evidence motion for summary
judgment only when, after adequate time for discovery, "there is no evidence of one
or more essential elements of a claim or defense on which an adverse party would
have the burden of proof at trial." Tex. R. Civ. P. 166a(i). "The motion must state
the elements as to which there no evidence," and "[t]he court must grant the motion
unless the respondent produces summary judgment evidence raising a genuine issue
of material fact." Id. The Texas Supreme Court's 1997 Comment to newly added
subsection 166a(i) sets out "the construction and application of the rule," stating,

Paragraph (i) authorizes a motion for summary judgment based on the
assertion that, after adequate opportunity for discovery, there is no
evidence to support one or more specified elements of an adverse party's
claim or defense. . . . [P]aragraph (i) does not apply to ordinary motions
for summary judgment under paragraph (a) or (b), in which the movant
must prove it is entitled to judgment by establishing each element of its
own claim or defense as a matter of law or by negating an element of the
respondent's claim or defense as a matter of law.


Tex. R. Civ. P. 166a cmt.-1997.

 Texas Rule of Civil Procedure 166a(c), which the panel applied in its prior
December 22, 2009 opinion, provides for summary judgment when the summary
judgment proof and pleadings under subsection (a) or (b) and (c) "show that, except
as to the amount of damages, there is no genuine issue as to any material fact and the
moving party is entitled to judgment as a matter of law on the [legal] issues expressly
set out in the motion or in an answer or any other response." Tex. R. Civ. P. 166a(c). 
This summary judgment case was brought (1) to construct the language in the
District's drainage easement that granted it "a right of way and easement for the
purpose of constructing, maintaining, operating, repairing and re-constructing a
drainage canal, including drains, ditches, laterals and levees. . . ," and (2) according 

the District "the right from time to time to . . . abate other obstruction, upon said canal
right of way, that may injure, endanger, or interfere with the construction, operation,
maintenance and repair of said drainage canal."

 Lily Gardens argued, in its summary judgment motion and in its appellate brief,
that "Texas courts construe easements, and the conditions placed upon them, in a
manner that places as little burden as possible upon the servient estate"; that "[t]he 
easement agreement speaks in terms of allowing [the District] to abate an
'obstruction' that may interfere with operating the ditch"; and that, under criminal law
regarding obstruction of a street, "the legislature expressly defined 'obstruct' as
meaning 'to render impassable or to render passage unreasonably inconvenient or
hazardous" and one court of appeals had construed "obstructions" under the Texas
Tort Claims Act, section 101.022(b) of the Texas Civil Practice and Remedies Code,
as not including "a bump in the road . . . since passage around the bump could be had
on either side." It then argued that "all the evidence establishes as a matter of law the
lack of any such impediment." 

 Completely absent in Lily Gardens no-evidence summary judgment motion was
any reference to controlling statutes and precedent construing the terms of drainage
easements or even to the language of the easement other than the word "obstruction." 
Rather, Lily Gardens made the cursory argument that Texas law provides that a
landowner cannot interfere with the reasonable use and enjoyment of an easement and
that "Texas courts construe easements in a manner that accomplishes that purpose
while placing as little burden as possible upon the servient estate." And Lily Gardens
contended that, under its construction of the law, it--the movant, not the non-movant--had "presented ample evidence that the bridge covering was not an
'obstruction' and did not interfere with [the District's] rights." It followed this
argument with six pages of jury argument, followed by a string citation to cases in
which Texas courts had found that an easement owner was not allowed to remove an
obstruction but only to take reasonably necessary measures for the use and enjoyment
of its easement. 

 The panel originally concluded, in its December 22, 2009 opinion, that the
District had "the right to abate any obstruction that may interfere with the drainage
canal." Brookshire Katy Drainage Dist., 2009 WL 5064759 (opinion withdrawn on
rehearing). It held that Lily Gardens had failed to establish that it was entitled to
judgment as a matter of law, and it also held that "the District has raised a genuine
issue of material fact as to the elements of encroachment upon its easement rights." 
Id. The panel majority, in its September 10, 2010 opinion on rehearing, simply
accepted Lily Gardens' statement of the law and concluded that its task, in reviewing
the summary judgment motion under Rule 166a(i), was to "determine whether the
mere act of constructing the bridge covering, even if that covering does not extend
into the canal or impede the flow of water the canal beneath it, violates the terms of
the easement." It then determined, without reference to the express terms of the
drainage easement or to law construing the rights of the District as holder of the
easement, that the District had to "prove that the Defendants engaged in activities that
that interfered with the District's reasonable use and enjoyment of the easement" and
that the District had not produced evidence to show "that the covering either impedes
the flow of water through the canal or that it might, in the future, impact the District's
ability to repair or maintain the canal." Brookshire Katy Drainage Dist., 2010 WL
3564744, at *5-8 (op. on rehearing). It held that statements in the affidavit of the
President of the District, Raymond Dollins, were merely claims "that the District's
legislative authority allows it to do certain things (Dollins's interpretations of the
law)" and, therefore, "were not competent summary judgment evidence." Id. at
*4-5. (1) It concluded that the trial court could have properly granted Lily Gardens' no-evidence summary judgment motion, and, therefore, declined to reach the traditional
motion. Id. at *8.

 In other words, the panel majority determined that the District had to prove that
Lily Gardens' past activities had interfered with its "reasonable use and enjoyment
of the easement" under the movant's construction of the terms of the easement and
the movant's evidence, whether the movant was right or wrong on the law. It ignored
the plain language of the easement itself, the governing statutes and precedents, and
the arguments and affidavit of the District as irrelevant, and it placed a burden on the
District to have produced evidence sufficient to raise a material fact issue as to the
past or future interference of Lily Gardens' covered bridge in the easement with the
flow of water in the ditch, as Lily Gardens asked it to do, rather than placing the
burden on Lily Gardens to prove its entitlement to judgment as a matter of law. 
Finding no evidence that the covered bridge then under construction had interfered
with the "reasonable use and enjoyment" of the ditch as Lily Gardens construed it and
no evidence of a future occasion in which it would do so, the panel majority affirmed
summary judgment in favor of Lily Gardens.

 Several factors contributed to this erroneous holding. First, Lily Gardens' no-evidence motion for summary judgment was brought on a pure question of law. A
petition for declaratory judgment, such as the one filed by the District in this case,
seeks a declaration of rights, i.e, an interpretation of the terms of a statute or
instrument as a matter of law. See Tex. Civ. Prac. & Rem. Code § 37.004 (Vernon
2008) ("A person interested under a deed, will, written contract, or other writings
constituting a contract or whose rights, status, or other legal relations are affected a
statute . . . may have determined any question of construction or validity arising under
the instrument, statute, . . . [or] contract . . . and obtain a declaration of rights, status,
or other legal relations thereunder."). In other words, the District sought a ruling on
the law as to its rights under its easement, not on the evidence. 

 A no-evidence motion for summary judgment is expressly restricted, by the
language of Rule 166a(i) itself and the 1997 Comment, to the judicial determination
of whether evidence exists to support a specific element of a claim or defense on
which the non-movant has the burden of proof at trial. See Tex. R. Civ. P. 166a(i) &
cmt.-1997. Nevertheless, a body of law has developed that disagrees with the 1997
Comment's statement of the requirements of no-evidence summary judgment
practice, creating a split among the courts of appeals--one in which the panel
majority's September 10, 2010 opinion now takes its place. The conflict stems from
Harrill v. A.J.'s Wrecker Svc., Inc., in which the Dallas Court of Appeals held that
granting a no-evidence motion based on a purely legal issue is error. 27 S.W. 3d 191,
194 (Tex. App.--Dallas 2000, pet. dism'd). Other courts of appeals have agreed. See
also In re Estate of Allen, 301 S.W.3d 923, 929 (Tex. App.--Tyler 2010, pet. denied)
("[C]onstruction of an unambiguous will or codicil is a question of law. And purely
legal issues can never be the subject of a no-evidence motion for summary judgment. 
Because construction of the thirteen writings was a question of law, Dollie's no-evidence motion for summary judgment was improper. Consequently the trial court
did not err in denying Dollie's motion for summary judgment.") (citations omitted);
Franks v. Roades, 310 S.W.3d 615, 621-22 (Tex. App.--Corpus Christi 2010, no
pet.) (treating no-evidence motion as traditional motion for summary judgment in
which claims for gross negligence, fraud, conversion, conspiracy, and deceptive trade
practices were all brought on non-movant's assertion that movant had improperly
sought guardianship and stating, "Whether Roades had such a duty is a question of
law, which is inappropriate for a no-evidence summary judgment"); Judge David
Hittner & Lynne Liberato, Summary Judgments in Texas, 47 S. Tex. L.R., 409, 415
(Spring 2006). But see Means v. ABCABCO, Inc. 315 S.W.3d 209, 211 (Tex.
App.--Austin 2010, no pet.) (declining to follow Harrill "[i]n the absence of an
articulated reason or further support" and "instead review[ing] the legal issue on
appeal to determine if it was properly presented to the trial court and is susceptible
to review under no-evidence summary judgment standards"); Cone v. Fagadau
Energy Corp., 68 S.W.3d 147, 156 n.4 (Tex. App.--Eastland 2001, pet. denied)
(expressly disagreeing with "Harrill's per se reversal and remand of a no-evidence
motion for summary judgment that may involve a purely legal issue," and declaring
that "the court must determine the law which is applicable to the case with respect to
any no-evidence motion for summary judgment in order to determine if the summary
judgment evidence raises a genuine issue of material fact."); see also, e.g., Chrismon
v. Brown, 246 S.W.3d 102 (Tex. App.--Houston [14th Dist.] 2008, no pet.) (holding,
in majority opinion, that issue of existence of legal duty could properly be decided
on no-evidence basis, and citing cases; dissent would hold that no-evidence summary
judgment was sought as to duty based on legal standard that conflicted with
established legal doctrine and that movant had admitted legal duty).

 The problem with granting a no-evidence summary judgment on a purely legal
issue is, as the court in the Cone case acknowledged, that, even if a motion for
summary judgment is presented as a no-evidence motion, the law must be construed
before it can be determined what the elements of the applicable law are as to which
the non-movant must produce proof. See Cone, 68 S.W.3d at 156 n.4. The problem
is compounded by the panel majority's interpretation of Ford Motor Co. v. Ridgway
as absolutely requiring that it first consider the no-evidence grounds supporting a
motion for summary judgment when the motion is filed both as a traditional motion
for summary judgment under Rule 166a(c) and as a "no evidence" motion under Rule
166a(i). 

 In Ford Motor Co., the plaintiffs filed negligence and strict liability claims
against the defendant, who subsequently moved for summary judgment under both
Rule 166a(i) and alternatively under Rule 166a(c). 135 S.W.3d at 600. The supreme
court first reviewed the trial court's summary judgment under the no-evidence
standards of Rule 166a(i), reasoning that "[i]f the plaintiffs fail to produce more than
a scintilla of evidence under that burden, then there is no need to analyze whether [the
defendant's] proof satisfied the Rule 166a(c) burden." Id. Subsequently, other courts
have relied on Ford Motor Co. to hold that a court must first review summary
judgments on no-evidence grounds when a party files a hybrid motion. See, e.g.,
Doherty v. Old Place, Inc., 316 S.W.3d 840, 843 (Tex. App.--Houston [14th Dist.]
2010, no pet.) ("When the motion for summary judgment presents both no-evidence
and traditional grounds, appellate courts generally review the no-evidence grounds
first."); Klentzman v. Brady, 312 S.W.3d 886, 897 (Tex. App.--Houston [1st Dist.]
2009, no pet.) ("When a party seeks both a traditional and a no-evidence summary
judgment, we first review the trial court's decision regarding summary judgment
under the no-evidence standards of Rule 166a(i)[.]"); Kalyanaram v. Univ. of Tex.
Sys., 230 S.W.3d 921, 925 (Tex. App.--Dallas 2007, pet. denied) ("When the motion
for summary judgment presented both no-evidence and traditional grounds, we first
review the propriety of the summary judgment under the no-evidence standards of
Rule 166a(i).").

 In my view, the lack of clarity over whether no-evidence motions on purely
legal issues are proper, combined with the perception that Ford requires that the no-evidence portion of a hybrid motion for summary judgment must be decided before
the traditional portion, is an invitation to err. Current no-evidence summary judgment
law invites courts faced with a hybrid motion for summary judgment to decide, for
example, whether the non-movant has presented evidence of his compliance with the
terms of a contract before deciding whether the putative contract is valid or what its
terms actually require, see In re Estate of Allen, 301 S.W.3d at 929, or to decide
whether the non-movant has presented evidence of his compliance with a duty before
determining whether he has a duty, see Roades, 310 S.W.3d at 621-22, or--as
here--to decide whether the non-movant has presented evidence that an "obstruction"
has occurred in a drainage ditch due to the movant's construction of a covered bridge
in the easement without first deciding whether, under the terms of the easement,
precedent, and the rules governing the construction of the terms of easements, the
movant had the legal right to construct a covered bridge in the easement. The
summary judgment is then upheld if it is deemed proper on the ground initially
addressed--the no-evidence ground--without addressing whether the law on which
the judgment was entered was sound or actually applied to the case, and without
answering the ultimate question in the case: what does the law require or permit? A
request for a ruling on a question of the law is necessarily not a claim on which the
petitioner has an evidentiary burden of proof, which is by definition a duty of
affirmatively proving a fact or facts in dispute.

 The supreme court's reasoning in Ford Motor Co. simply does not apply in the
instant case because at least one of the issues addressed in Lily Gardens' motions for
summary judgment did not raise any evidentiary questions, but asked the trial court
to resolve a question of law. By following Ford Motor Co. in first reviewing the no-evidence grounds for summary judgment, the panel majority's September 10, 2010
opinion failed to resolve the legal dispute--namely, whether the terms of the
easement granted the District the right to abate any "obstruction, upon said canal,
right of way, that may injure, endanger, or interfere with the construction, operation,
maintenance and repair of said drainage canal" and, if so, whether Lily Garden's
bridge covering could count as such an encroachment. This was the ruling sought by
the District's declaratory judgment action and by Lily Gardens' traditional motion
for summary judgment, which the panel opinion on rehearing did not reach.

 To be entitled to summary judgment on that traditional motion, Lily Gardens
had the burden of proving that its bridge covering could never, as a matter of law,
"injure, endanger, or interfere with the construction, operation, maintenance, and
repair of said drainage canal." If Lily Gardens met this burden, the District would
then have only the burden of raising a material fact issue that such a structure could
interfere with its rights. In the original December 22, 2009 opinion, Judge Wilson
held that Lily Gardens did not carry its burden of proving as a matter of law that the
bridge could never interfere with the District's rights and that the District had raised
a material fact issue as to encroachment, and he remanded the case. The September
10, 2010 panel majority opinion on rehearing, without construing the terms of the
easement, but, instead, merely assuming that Lily Gardens' interpretation of the
disputed legal issue was correct and that a covered bridge over the canal was not an
obstruction as a matter of law, shifted the burden of proof to the District to have
presented evidence that the bridge was, in fact, an obstruction that interfered with the
District's rights under the "correct" interpretation of the law, even though the issue
of what those rights actually were had not been considered on its merits and
determined by the court. 

 In my view, the panel, in its original December 22, 2009 opinion, correctly
addressed the summary judgment granted by the trial court as a traditional summary
judgment, rather than as a no-evidence summary judgment. And, construing the law
de novo in accordance with the traditional summary judgment standard of review, the
panel correctly reversed the judgment of the trial court on the legal grounds
articulated in Justice Wilson's December 10, 2009 opinion and correctly remanded
the case for further proceedings.

 By contrast, because the September 10, 2010 majority opinion on rehearing,
addressed the issues presented solely under a no-evidence standard of review, rather
than the traditional standard of review, it reached a judgment that, in my view, is
insupportable under the correct construction of the applicable law and the facts of the
case. I, therefore, agree with, and would have joined, the original panel opinion
issued on December 22, 2009. I also agree with Justices Wilson's and Jennings's
dissents on rehearing and join both.

 I believe this case satisfies the standards both for en banc review and for
supreme court review of (1) the proper construction and application of Rule 166a(i),
governing no-evidence motions for summary judgment, and (2) the proper
construction of the terms of the drainage ditch easement at issue in this case. See
Tex. R. App. P. 41.2(c) (stating that en banc consideration "should not be ordered
unless necessary to secure or maintain uniformity of the court's decisions or unless
extraordinary circumstances require en banc consideration"); Tex. R. App. P. 56.1(a)
(setting out as grounds for review in supreme court "(1) whether the justices of the
court of appeals disagree on an important point of law; (2) whether there is a conflict
between the courts of appeals on an important point of law; (3) whether the case
involves the construction or validity of a statute; . . . (5) whether the court of appeals
appears to have committed an error of law of such importance to the state's
jurisprudence that it should be corrected; and (6) whether the court of appeals has
decided an important question of state law that should be, but has not been, resolved
by the Supreme Court"). I write, therefore, to ask the Supreme Court to decide the
issue of whether a no-evidence motion for summary judgment can properly be
brought on a pure question of law and to clarify the applicability of its reasoning in
Ford Motor Co. v. Ridgway.








 For the foregoing reasons, I respectfully dissent from denial of en banc
reconsideration.



 Evelyn V. Keyes

 Justice


A majority of the justices of the Court voted to overrule the motion for en banc
reconsideration.


En banc court consists of Justices Jennings, Keyes, Alcala, Higley, Bland, Sharp,
Massengale, Brown, and Wilson. Chief Justice Radack not participating.


Justice Alcala, concurring in the denial of en banc reconsideration.


Justice Massengale, concurring in the denial of en banc reconsideration.


Justice Jennings, dissenting from the denial of en banc reconsideration, joined by
Justice Keyes.


Justice Keyes, dissenting from the denial of en banc reconsideration, joined by Justice
Jennings.


Justice Wilson, dissenting from the denial of en banc reconsideration.
1. In a proper no-evidence inquiry this should have ended the matter, since the court's
ruling is supposed to turn on the non-movant's lack of evidence to support an element
of its claim or defense on which it has the burden of proof, not on the movant's
evidence, and the panel determined it had to prove a right to prevent obstructions and
could not prove it by this evidence, its only evidence of its legal rights other than the
undisputed easement itself. See Tex. R. Civ. P. 166a(i) & cmt.-1997.